## Educational Conventions.

O'HARA, Dep. Att'y-Gen., May 2, 1930.—We are in receipt of your request to be advised whether the expenses of a superintendent of schools, city superintendent, principal or supervisor, while in attendance at educational conventions, may be paid from the funds of the school district.

Superintendents of schools, city superintendents, principals and supervisors are appointed pursuant to, and their qualifications and duties prescribed and defined by, the School Code.

Educational conventions consist of various officials and employees of the educational field who are organized in groups, usually, though not always, limited to certain officers or employees; for instance, school directors, principals of schools, teachers, etc. These conventions afford an opportunity for those in attendance to exchange ideas upon the management, operation or educational policies of schools in the state and the United States. The practice of superintendents and other employees of the school system attending educational conventions for the reflex benefits which will accrue to the local system has developed throughout the country. No duty is imposed by the

School Code of this Commonwealth, however, upon superintendents of schools, principals or supervisors to attend these conventions, and it cannot be said that such attendance is necessary or properly incident to the discharge of their specific duties as defined in the School Code.

Under these conditions, may the school district require by rule or regulation superintendents, principals or supervisors of schools to attend such educational conventions.

Section 119 of the School Code vests the several school districts with all necessary powers to enable them to carry out the provisions of the Code, and tional conventions?

"The board of school directors in every school district in this Commonwealth may adopt and enforce such reasonable rules and regulations as it may deem necessary and proper regarding the management of its school affairs and the conduct and deportment of all superintendents, teachers and other appointees or employees during the time they are engaged in their duties to the district. . . ."

It is submitted that the benefits resulting from attendance at such conventions are two-fold: to the individual attending, it enhances his qualifications for the discharge of his professional duties; to the school district, the indirect benefit which results from the enhanced professional qualifications of its superintendents, principals and supervisors.

The school system is designed for the education of every person residing in the Commonwealth, between the ages of six and twenty-one years, who may attend such schools. It is no part of its purpose to provide for the professional education of its officers or employees. The reflex benefit to the district which may result from the participation of officers and employees in educational conventions depends on the presence of so many conditions that it may be considered problematical in many instances, and the connection of such conventions with the school system in the local district is too remote to justify a board of school directors in adopting a rule requiring these employees to attend their sessions.

In a proceeding had for the Removal of School Directors in Parsons Borough, reported in 23 Luzerne Legal Register, 455, it was charged that the board had made payments to more than one director for expenses in attending a convention of school directors in Harrisburg, Pennsylvania, and national conventions of school superintendents in Cleveland, Ohio, and Chicago, Illinois. The court, Fuller, P. J., in passing upon this charge, said:

"This expenditure . . . was not only unlawful, but also, like all expenditure of public money for attendance upon conventions, was absolutely useless and wasted on something which could not possibly be of any value to the public."

As a general rule, a school district is liable for such expenses and charges, and such only, as are expressly or impliedly authorized by law, and such as are necessary and properly incident to the performance of a statutory authority or duty.

It was felt necessary to secure legislative authority for the appointment of delegates to such conventions of school directors and the payment of their expenses. This was done by the Act of April 18, 1919, P. L. 56. In the absence of similar legislative authority for this expenditure of school funds, we are of the opinion, and so advise, that the board may not require its employees to attend educational conventions and pay their expenses while so attending.

From C. P. Addams, Harrisburg, Pa.